### Richard C. Crawford et al. v. John E. Burke.

1. APPELLATE COURT PRACTICE—*Where the Justices Are Unable to Agree.*—Where the justices of the Appellate Court are unable to agree upon the questions involved, the judgment of the court below will be affirmed.

Action on the Case.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

Statement.—This is an action on the case brought by appellee against appellants.

In each of the first five counts of the declaration, consisting of ten counts, it is alleged that the plaintiff had employed and retained the defendants (who were stockbrokers doing business in Chicago) as his brokers and agents, to buy, hold and carry stocks for him, subject to his order; and that the defendants wrongfully and fraudulently, without the knowledge or consent of the said plaintiff, and without any notice to him whatever, sold, delivered and disposed of a certain number of shares of stock, property of the plaintiff, " and then and there willfully and fraudulently, and with intent to cheat and defraud the plaintiff, converted said stock and the proceeds of the sale thereof, and plaintiff's reversionary interest in said stock to their own use."

In each of the last five counts the plaintiff seeks to recover damages sustained by him by reason of false and fraudulent representations made to him by the defendants, whereby they obtained from him certain sums of money, amounting in the aggregate to the sum of $10,800. The

suit was begun in July, 1897, and the defendants filed pleas of the general issue, on which issue was joined January 4, 1898.

Soon after the National Bankrupt Act of 1898 went into effect, the appellants filed their petition in bankruptcy in the United States District Court for the Northern District of Illinois, and obtained a stay of proceedings in this action to enable them to apply for and prosecute their application for a discharge, which they did; and on the 5th day of April, 1900, an order of discharge in due form was entered by the United States District Court, discharging them from all their provable debts, claims, etc., " excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

Thereafter, on January 3, 1901, the same day the trial was begun and after it had commenced, the appellants, by permission of the court, severally filed a plea setting up their discharge and alleging, among other things, " that the several supposed causes of action in the said declaration and in each count thereof mentioned are in respect of a debt and claim made provable by said acts of congress relating to bankruptcy against the estate of the defendants " (appellants) " and the same were provable against his " (their) " said estate both individual and copartnership, as aforesaid; that the said supposed causes of action are not, nor is any one of them, in respect of any such debts or debt as are or is by the said acts excepted from the operation of a discharge in bankruptcy."

The appellee's replication to this plea alleges, in substance, that his demand is of such a character as brings it within the class of debts excepted from the operation of the bankrupt act, and hence is not barred by appellants' discharge.

A jury was waived and the cause submitted to the court, and a large amount of evidence was heard in support of the appellee's declaration. When the appellants' turn came, they were refused permission to introduce any evidence in defense except their certificate of discharge in bankruptcy, because of their plea of discharge in bankruptcy, *puis dar-*

*rein continuance* (Mount v. Scholes, 120 Ill. 394), and the
case went to the court on the evidence on the side of appel-
lee, and the said certificate of discharge in bankruptcy. On
the next day after this ruling by the court and the exclu-
sion of the evidence—to which day the consideration of the
case stood adjourned, a colloquy took place between counsel
and court, substantially as follows:

"Counsel for appellee: I desire to withdraw the objec-
tions we made yesterday to Mr. Crawford's testimony.

Counsel for appellant: It is too late.

The Court: The case is closed unless the defendants
make application to put Mr. Crawford on the stand again.

Counsel for appellants: I don't think I have anything
to say.

The Court: It appears they have nothing to say. The
case is closed."

By a proposition of law held by the court it was asserted
as to each of the ten counts of the plaintiff's declaration
" that all the material allegations of matters of fact con-
tained in the said count of the plaintiff's declaration stand
as admitted on the pleadings and that the defendants' dis-
charge in bankruptcy is not a legal defense to the plaintiff's
claim for such damages, if any, as he may have sustained
by reason of the matters alleged in said court." And the
court gave judgment for the plaintiff for $9,690.21, and
costs.

PECKHAM, BROWN & PACKARD and FLOWER, VROMAN &
MUSGRAVE, attorneys for appellants.

PENCE & CARPENTER and JOHN E. BURKE, attorneys for
appellee; T. A. MORAN, of counsel.

OPINION PER CURIAM.

Errors are assigned by the appellants which attack the
giving of any judgment at all in favor of the appellees, for
the reasons:

First. Because even if the debt were one incurred by
positive fraud, involving moral turpitude and intentional
wrongdoing, it had not been reduced to judgment before the

Crawford v. Burke.

discharge of the defendants in bankruptcy, and the undischargeable debts in bankruptcy do not include debts that were created by fraud unless (a) they have been reduced to judgment or (b) they were created by the defendant while acting as an officer or in a fiduciary capacity, which it is admitted these defendants were not.

Second.   Because as shown by the plaintiff's own evidence, by which he construed his own declaration, the indebtedness shown by the plaintiff to have existed is also shown not to have been one resulting from " positive fraud involving moral turpitude " as distinguished from implied or constructive fraud or fraud in law.

Cross-errors, also, have been assigned by the appellee because of the holding by the court of certain propositions of law, and the adoption by the court of a wrong rule or measure in assessing his damages in the case, whereby instead of allowing and rendering judgment in his favor for only the sum of $9,690.21, he should have had judgment for a much larger sum.   Many of the questions thus involved are important and not easy of decision.

A prior suit involving the transactions in controversy, wherein the declaration was substantially the same and the parties were identically the same, was submitted to and heard by Mr. Justice Waterman while holding Circuit Court and taken under advisement by him.   Before he rendered his decision but after the case was in fact ready for decision, that case, because of some supposed irregularity in the form of submission, was dismissed by appellee, and the present suit at once begun.   For that reason, Mr. Justice Waterman has declined to participate in the consideration and decision of this appeal, and the other justices, Freeman and Shepard, are unable to agree on the main questions involved.   The judgment therefore stands affirmed.